OPINION
Appellant, George E. Mamo appeals from the judgment of the Stark County Probate Court denying probate of an unwitnessed holographic Will purportedly prepared by Elsie M. Georges, decedent. Appellant assigns as error:
ASSIGNMENTS OF ERROR:
 I. THE PROBATE COURT ERRED IN DETERMINING THAT A WILL EXECUTED IN TEXAS, IN COMPLIANCE WITH TEXAS LAW IN FORCE AT THE TIME OF EXECUTION, MAY NOT BE ADMITTED TO PROBATE IN OHIO.
Decedent Elsie M. Georges died on December 5, 1999. She was survived by her spouse, William S. Georges, her sole heir at law. On December 28, 1999, William H. Georges, Esquire, son of William S. Georges, filed an Application for Authority to Administer the Estate of Elsie M. Georges in the Stark County Probate Court under Case Number 175056. Attorney Georges was appointed Administrator of the estate on that date because the Application recited that, to his knowledge, decedent died intestate.
In addition to being survived by her husband, decedent was also survived by her brother, appellant George E. Mamo, who resides in Pennsylvania, and a first cousin, Fred Rizk, who resides in Texas. Decedent was predeceased by two sisters, Corinne and Jeanne.
On September 12, 2000, approximately eight (8) months after the Estate of Elsie M. Georges was opened, appellant George E. Mamo filed an Application to Probate Will and submitted to the Court a holographic Will allegedly executed on March 24, 1997, by decedent. The purported Will was executed on the back of a public service card distributed by the American College of Obstetricians and Gynecologists in conjunction with the National Cancer Institute.
By order filed February 22, 2001, the Stark County Probate Court scheduled a hearing on the issue of whether the Probate Court had jurisdiction to admit the purported holographic Will of the decedent. The Court, through the aforesaid order, indicated the issues of whether the holographic Will was written in Texas, and whether the holographic Will was the handwriting of the decedent would be deferred pending resolution of the threshold issue of jurisdiction.
On March 5, 2001, a hearing was conducted in the Stark County Probate Court, and no evidence was produced or proffered that decedent Elsie M. Georges executed the holographic Will in the State of Texas on March 24, 1997. Although depositions were conducted in this matter, the only deposition filed with the Stark County Probate Court was the deposition of William S. Georges, the surviving spouse. That deposition provided no information or evidence on the issue of whether the holographic Will was executed in Texas by decedent. Indeed, there is no evidence or proffer of evidence within the record tending to demonstrate that the holographic Will at issue was executed in the State of Texas.
We now turn to appellant's sole Assignment of Error.
Through his sole assigned error, appellant maintains the Probate Court committed error by determining that the holographic Will should not be admitted to probate in the State of Ohio. Appellant maintains through his assigned error that the holographic Will was executed in Texas and in compliance with Texas law. However, as stated above, there is no evidence in the record that decedent executed the subject holographic Will in the State of Texas.
R.C. 2107.18 provides, in pertinent part:
 "The probate court shall admit a will to probate if it appears from the face of will, or if the probate court requires, in its discretion, the testimony of the witnesses to a will and it appears from that testimony, that the execution of the will complies with the law in force at the time of the execution of the will in the jurisdiction in which it was executed. . . ."
The central issue in this case is whether the Probate Court properly construed and applied R.C. 2107.18 to determine the threshold jurisdictional issue of whether to admit the subject holographic Will to probate.
R.C. 2107.18 is essentially a two-part test because of the disjunctive term "or" contained therein. As such, R.C. 2107.18 may be properly dissected to read as follows:
 "I. The probate court shall admit a will to probate if it appears from the face of the will that the execution of the will complies with the law in force at the time of the execution of the will in the jurisdiction in which it was executed.
 II. The probate court shall admit a will to probate if the probate court requires, in its discretion, the testimony of the witnesses to a will and it appears from that testimony, that the execution of the will complies with the law in force at the time of the execution of the will in the jurisdiction in which it was executed."
In the instant case, and with respect to the first provision of R.C.2107.18 as set forth herein above, there is nothing within the four corners of the subject holographic Will to suggest that the execution of said Will occurred in the State of Texas. There is nothing on the face of the Will that indicates the state or location in which the Will was executed. Accordingly, we find the Probate Court properly denied admission of the Will under the first prong of R.C. 2107.18 because it does not indicate on the face of the Will the jurisdiction in which the Will was executed.
Under the second part of R.C. 2107.18, the Probate Court is granted discretion to hear evidence as to the location in which the execution occurred. Although the Probate Court did not want evidence or testimony with respect to the issues of whether decedent, in fact, wrote the Will and whether same was written in the State of Texas, the Probate Court did not preclude the admission of evidence on the issue of whether decedent executed the Will in the State of Texas. By its clear provisions, R.C.2107.18 provides that the threshold issue to be determined by the Probate Court in deciding whether to admit a Will is the "jurisdiction" or location in which the Will was executed.
In the instant case, appellant George E. Mamo provided no evidence and proffered no evidence to support the allegation that the subject holographic Will was executed by decedent in the State of Texas. Because no such evidence was submitted or proffered, we cannot conclude that the Probate Court abused its discretion in denying admission of the subject holographic Will. It is well settled that an abuse of discretion connotes more than an error of law or judgment, it implies the trial court's attitude was arbitrary, unreasonable or unconscionable. Tracyvs. Merrell Dow Pharmaceuticals, Inc. (1991), 58 Ohio St.3d 147, 152.
Accordingly, there being no evidence as to the jurisdiction in which the purported holographic Will was executed, we find the trial court did not commit error in denying admission of the subject holographic Will.
For these reasons, we affirm the Stark County Probate Court's decision and overrule appellant's sole assigned error.
By: READER, P.J., MILLIGAN, J. and GREY, J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, we affirm the Stark County Probate Court's decision and overrule appellant's sole assigned error. Costs taxed to appellant.